## SHAW *versus* BOYD.

A mere verbal promise to pay a squatter for his improvements on public land, not made at the request of promisor; will not sustain an action.

A consideration wholly past and executed will not sustain a promise, unless the consideration arose at the instance of the party promising.

This action was brought by Boyd, before a Justice of the Peace of Pike county, to recover of Shaw the value of certain improvements on public land. There was a judgment for the plaintiff, and an appeal was taken to the Circuit Court. The bill of exceptions disclosed, that on the trial in the Circuit Court, the plaintiff offered parol testimony to prove that the defendant had agreed with, and had promised to pay, him for certain improvements on public land, the reasonableness of which was to be left to arbitration: no evidence was produced, that any arbitration had been effected ; or that the promise was in writing. The defendant moved the Court to instruct the jury, that the promise, not being reduced to writing, was void under the statute of frauds : but not so the Court, which charged, that if the improvements had been of value to the defendant, and he had promised to pay for them, after he purchased the land from government, he was bound to pay for them. On this charge, the jury gave a verdict to the plaintiff, and by writ of error the defendant moved the cause into this Court.

*Goldthwaite,* for plaintiff, contended, that in this contract, nothing was passing, or to be done, at the time of its execution : it was upon a past consideration, and therefore not obligatory. There was no

right in the plaintiff: the defendant could have avail-
ed himself of all the privileges possessed by the oth-
er: he could have bid for the land; and the prom-
ise was void on the principle of its being as for *hush
money*, and against public policy.

Plaintiff could do no act which would have as-
sisted the defendant in buying the land, except by
refusing to bid, which would have been illegal; be-
cause government would have been defrauded. Past
consideration does not support a promise.—*Kent's
Com.* 265—7 *Johns.* 87.

The promise was within the statute of frauds: it
attempted to convey an *interest* in lands ; and so being
in parol, was void.—*Roberts on Frauds,* 127.

*Thorington, contra*—The improvements in this
case, if not made with *assent* of government, were at
least made without *dissent.* They were of value to
defendant; and being of value, certainly created a
consideration.—7 *Cowen,* 92. As to argument upon
statute of frauds—*See* 11 *Johns.* 145.

Here plaintiff had *possession :* it would have been
protected by *forcible entry and detainer* proceedings,
and could therefore be sold.

TAYLOR, J.—There is some difficulty in this case,
in ascertaining what the evidence was, which was
intended to be stated in the bill of exceptions; but by
examining the charge of the Judge, we can probably
arrive at a correct conclusion on this subject. From
that charge, applied to the evidence as stated, I infer
that the land upon which the defendant in this Court
had made his improvement, was about to be sold by
the United States, and the plaintiff intended to pur-

chase it, and that before this sale he promised the defendant he would pay him a reasonable sum for his improvements, which should be determined on by arbitrators : that after the land was sold, and he had become the purchaser, he again promised the defendant that he would pay him for the improvement.

The counsel for the defendant insists, that the correct construction of the proof, as it appears on the record, is, that the promise of payment was made in consideration of the defendant's delivering possession of the premises to the plaintiff : that the declaration avers such to have been the consideration, and the evidence must have been intended to sustain the averments of the declaration. We certainly cannot examine the declaration to arrive at a conclusion with regard to the proof, and a fact so important as the delivery of possession of the improvements, if proved, could not have been overlooked by the Judge, when he was requested to charge the jury, that no consideration for the promise sued on had been given in evidence.

The charge, excepted to, is in the following words: "that if the jury believed that the defendant (below, plaintiff here) did, after purchase from the United States, promise that he would pay plaintiff for the improvements so made before his purchase from the United States, and that those improvements were of advantage to the defendant, that the same was a valid undertaking and a sufficient consideration."

The authorities concur in sustaining the doctrine, that if a consideration be wholly past and executed before the promise be made, it is not sufficient, unless the consideration arose at the instance or *request* of the party promising; and that request must have

been expressly made, or necessarily implied from the moral obligation under which the party was placed." It is not pretended here that any such request was proved, nor can it possibly be implied from the nature of things. The plaintiff had never held any interest in the land before the improvement was made : it consituted a part of the public domain.

The judgment must be reversed and the cause remanded.

SAFFOLD, J. not sitting.